Nicholas M. Pette, J.
The defendant moves to dismiss the complaint for legal insufficiency.
The action is to recover the sum of $15,000, representing one fourth of the estate left by the defendant’s testator, Charles Krumm. The plaintiff sues as one of the beneficiaries named in a joint will which was executed by his deceased mother, Annie Krumm, and her second husband, the defendant’s testator, on October 2, 1922, on the theory that the latter had agreed to devise and bequeath his estate as provided for in that joint will. It is the contention of the defendant that the joint will does not constitute an irrevocable contract insofar as the plaintiff’s rights are concerned, and in any event, that will granted to his testator, as survivor, the right to change or modify its provisions insofar as they concerned the plaintiff.
The joint will reads in part as follows:
“ Second: We thereafter desire that all property, real as well as personal, of which we may be seized or possessed at the time of the decease of either of us, shall be held by the survivor during his or her life, to use the same as such survivor may see fit, the survivor to have the right to change or modify the specific bequests and devisees hereinafter named, if, in his or her judgment, the beneficiaries hereinafter named, or any of them, shall not properly conduct themselves toward the said survivor.
“ Third: Upon the decease of the survivor of us, we give, devise and bequeath all of our property, of whatsoever kind .and nature and wheresoever situate, to our children, Frank *237 Buchheit, Mary Pester, Joseph Buchheit and Edward Buchheit, share and share alike, for their own use and benefit forever. In the event that any of our said children predecease us without issue then we give the share or shares of said child or children to our children surviving us. In the event that any of our children should die before the death of the survivor of us, leaving issue, we give the share or shares of said child or children to the issue of said child or children per Capita and not per stirpes.”
When plaintiff’s mother died on February 20, 1943, the foregoing will was admitted to probate by the Surrogate’s Court of the County of Queens and letters testamentary thereof were duly issued to the defendant’s testator on March 4, 1943, as executor named therein, and pursuant to its terms, he received and accepted the entire estate of Annie Krumm.
On August 26,1954, the defendant’s'testator, Charles Krumm, made and executed a new will, by which he revoked all former wills and codicils by him made, and bequeathed to the plaintiff, his stepson, only $500, rather than the one-fourth share of the property bequeathed to him under paragraph “ Third ” of the joint will. Charles Krumm died on March 26, 1955, and his last-mentioned will, dated August 26,1954, was duly admitted to probate by the Surrogate’s Court of Queens County, and letters testamentary thereof were duly issued to the defendant on April 15,1955.
Inasmuch as no explicit statement for the fulfillment of the joint testamentary plan is contained in the joint will and the complaint does not plead a separate written agreement binding the testators to that plan, the question to be determined is whether the language of the will itself imports such an agreement as would support this action by a party claiming to be benefited thereby.
While there is language in this joint will similar to that contained in the joint will considered in Tutunjian v. Vetzgian (299 N. Y. 315, 320), there are two distinguishing features.
First, in the cited case, except for a different executor and the omission of legatees who had died in the interim, husband and wife executed a joint will in 1942, identical in plan and substance with their 1929 will, which was executed in accordance with a joint testamentary plan contained in a written agreement. After analyzing the language of the 1942 will as supplying evidence of an underlying obligation not to revoke it and to make the bequests therein provided, the court said (p. 320): ‘ ‘ If there could be any doubt, it is removed by the 1929 contract and will. * * * The fact that the 1942 will, made thirteen *238 years later, preserved and repeated the same dispositions without substantial change indicates, plainly we believe, that the parties had not abandoned their earlier design and that the 1942 will related back to their agreement and testamentary disposition of 1929.” No such prior agreement and will are present in the case at bar to support the alleged agreement for the joint disposition of the collective property of both testators upon which the plaintiff’s case rests.
Second, there is in the joint will at bar an element not present in the Tutunjian case (supra) which casts grave doubt upon the existence of an agreement for such joint disposition. Here, unlike the situation in the Tutunjian case, the survivor was expressly given “ the right to change or modify the specific bequests and devisees hereinafter named, if, in his or her judgment, the beneficiaries hereinafter named, or any of them, shall not properly conduct themselves toward the said survivor.” It is contended by the plaintiff, however, that the phrase, ' ‘ in his or her judgment ” as used in the joint will before us did not give the survivor an absolute, unqualified power to change the terms of the joint will. Analysis of the language used, however, does not support that contention.
The reciprocal right to change the specific bequests, which the testators gave to the survivor of them, was controlled solely by “ his or her judgment ” of those named beneficiaries who “ shall not properly conduct themselves toward the said survivor.” It is difficult to contemplate a more subjective standard by which the good faith of the survivor can be gauged than that provided by this will.
What objective facts can a court take into consideration to determine whether the plaintiff had or had not “ properly ” conducted himself toward the survivor so as to warrant the exercise of the latter’s right in changing plaintiff’s bequest? The question suggests the answer. In the face of the broad power to modify specific bequests thus given to the survivor, the court cannot substitute its judgment for that exercised by him.
Accordingly, the court is of the opinion that the plaintiff has not shown the existence of a contract made and intended for his benefit, so as to give rise to the cause of action he has here pleaded. The motion to dismiss the complaint is granted. Submit order.